**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SHAWN JUSTIS,**
**Individually and on behalf of a class of**
**Others similarly situated,**

**Plaintiff,**

**v.** **Civil Action No. 3:22cv23**

**CIOX HEALTH LLC,**

**Defendant.**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff Shawn Justis ("Ms. Justis" or "Plaintiff"), through her undersigned counsel, files this Class Action Complaint and Demand for Jury Demand on her individual behalf and on behalf of a class of all similarly situated persons against Defendant CIOX Health LLC ("CIOX"), and says in support:

**BACKGROUND**

1. The citizens of the Commonwealth of Virginia have valid interests in obtaining copies of their medical records. They may want them to provide to their health care providers, including to pursue legal claims for injuries. Virginia law imposes an affirmative duty on healthcare providers to provide copies of patient's healthcare records:

> Such health care provider shall release copies of any such medical records in compliance with § 32.1-127.1:03 or § 8.01-413, if the request is made for

purposes of litigation, or as otherwise provided by state or federal law.

Va. Code § 54.1-2403.3.

2. Whatever the reason, the records must be made available to patients if requested by their attorneys or insurers for them to obtain from their healthcare providers in accordance with Va. Code § 8.01-413.

3. Va. Code § 8.01-413 sets forth what amounts a patient may be charged by a healthcare provider or any person it delegated performance of their duty to provide patients copies of their healthcare records. The amounts allowed are set forth under section B of the statute:

> B1. A health care provider shall produce the records or papers in either paper, hard copy, or electronic format, as requested by the requester. If the health care provider does not maintain the items being requested in an electronic format and does not have the capability to produce such items in an electronic format, such items shall be produced in paper or other hard copy format.
>
> B2. When the records or papers requested pursuant to subsection B1 are produced in paper or hard copy format from records maintained in (i) paper or other hard copy format or (ii) electronic storage, a health care provider may charge the requester a reasonable fee not to exceed $0.50 per page for up to 50 pages and $0.25 per page thereafter for such copies, $1 per page for hard copies from microfilm or other micrographic process, and a fee for search and handling not to exceed $20, plus all postage and shipping costs.
>
> B3. When the records or papers requested pursuant to subsection B1 are produced in electronic format from records or papers maintained in electronic storage, a health care provider may charge the requester a reasonable fee not to exceed $0.37 per page for up to 50 pages and $0.18 per page thereafter for such copies and a fee for search and handling not to exceed $20, plus all postage and shipping costs. Except as provided in subsection B4, the total amount charged to the requester for records or papers produced in electronic format pursuant to this subsection, including any postage and shipping costs and any search and handling fee, shall not exceed $150 for any request made on and after July 1, 2017, but prior to July 1, 2021, or $160 for any request made on or after July 1, 2021.

> B4. When any portion of records or papers requested to be produced in electronic format is stored in paper or other hard copy format at the time of the request and not otherwise maintained in electronic storage, a health care provider may charge a fee pursuant to subsection B2 for the production of such portion, and such production of such portion is not subject to any limitations set forth in subsection B3, whether such portion is produced in paper or other hard copy format or converted to electronic format as requested by the requester. Any other portion otherwise maintained in electronic storage shall be produced electronically. The total search and handling fee shall not exceed $20 for any production made pursuant to this subsection where the production contains both records or papers in electronic format and records or papers in paper or other hard copy format.

4. This case arises because CIOX, who acts on behalf of healthcare providers to Virginia citizens, has charged Plaintiff and others amounts not authorized by Va. Code § 8.01-413.

5. Plaintiff seeks return of all funds that CIOX has taken improperly, along with other relief allowed by law.

**PARTIES**

6. Plaintiff is an adult who resides in Henrico County and is a citizen of the Commonwealth of Virginia. Ms. Justis is one of many persons as to whom Defendant CIOX charged illegal fees. Plaintiff seeks to represent herself and the other persons who are situated similarly to her because the relatively low dollar amount of the illegal charges by the Defendant makes it an appropriate situation for a class to be certified under Rule 23 of the Federal Rules of Civil Procedure.

7. **CIOX HEALTH LLC** is a foreign limited liability company with its principal office address as 120 Bluegrass Valley Parkway, Alpharetta, Georgia 30005 and has as its registered agent Corporation Service Company located at 100 Shockoe Slip, Floor 2, Richmond, Virginia 23219.

8. CIOX is an entity that provides information retrieval services for various healthcare providers in Virginia and other states. CIOX is an independent medical copy retrieval service contracted to provide the service of retrieving, reviewing, and preparing such copies for distribution. The healthcare providers delegate their obligations to provide their patients copies of their own healthcare records. CIOX is a for profit entity. It has created a cottage industry of providing these services and seeks to maximize its profits by charging more than what is allowed by law. The extra fees are relatively small and many do not have the time or ability to contest these fees because they have an immediate need for their healthcare records and because of the relatively small amount involved. While the amount is relatively small on an individual basis, the amounts collected by Ciox from the many people it charges can be substantial.

**VENUE AND JURISDICTION**

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). Upon information and belief, given the number of healthcare providers, that have delegated copy services to CIOX in Virginia and the number of requests that are routinely made by patients for their records, the proposed class consists of more than 100 persons and the amount in controversy is in excess of $5,000,000 exclusive of costs and fees.

10. Venue lies in the United States District Court for the Eastern District of Virginia, Richmond Division, because the events and omissions giving rise to Plaintiff's claims occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

11. Defendant CIOX is subject to personal jurisdiction within this district and division because Defendant CIOX regularly transacts business within Virginia.

## FACTS RELATING TO PLAINTIFF

12. Plaintiff was injured in an accident.

13. Plaintiff was a patient of Henrico Doctors Hospital, where she received medical care.

14. Plaintiff retained an attorney who processed her personal injury claim.

15. Plaintiff signed written releases authorizing the release of her medical information to her attorney.

16. Plaintiff's attorney sought her healthcare records from Henrico Doctors Hospital.

17. CIOX responded to her request on behalf of Henrico Doctors Hospital.

18. In responding to the request, CIOX demanded payment of certain fees.

19. The fees charged by CIOX included amounts that were not authorized by the Virginia legislature, Va. Code § 8.01-413, including an unauthorized $2.00 amount labeled as an "electronic fee".

20. No such charge for an "electronic fee" is allowed.

21. Upon information and belief, this fee is nothing more than a profit center for CIOX in excess of the amounts allowed by Virginia law.

## CLASS ALLEGATIONS

22. The crux of Plaintiff's claims is whether or not any amounts charged by the Defendant CIOX are in excess of the generous amounts allowed by Virginia law.

23. Plaintiff's claims are typical because she has been charged fees in excess of those allowed by Virginia law.

24. The number of persons who have been charged these fees by the Defendant are so numerous that joinder of all such persons in a single action is impractical.

25. The Plaintiff is an adequate representative of the proposed class set forth below.

26. Plaintiff's counsel is adequate and best suited to represent Plaintiff and the class in this matter based on their knowledge of the legal issues involved and their experience in representing classes before both state and federal courts. Plaintiff has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor her counsel have any interest which might cause her not to pursue this action vigorously.

27. The members of the class are easily ascertained from the Defendant's own records. CIOX issues invoices which provide the name of the class members and the amounts they were illegally charged. These records are admissible in any proceeding as they are statements made by Defendant CIOX.

28. The common issue identified for the Plaintiff and the class is also the predominant issue.

29. A class action is superior to requiring many repetitive individual actions that will raise the same issue and ask for the same relief against the Defendant. The amount of actual damages makes individual actions unlikely, and Plaintiff is unaware of any pending individual actions that have been pursued by Virginia residents to address these illegal charges made by the Defendant. In the absence of a class, the Commonwealth's limit on fees that may be charged will not be enforced and Defendant CIOX will retain an illegal windfall.

30. The Plaintiff should be permitted to proceed to sue for the benefit of the following class:

All persons in Virginia:

(i) who were a patient of any healthcare provider in Virginia and the patient, the patient's attorney or insurer requested copies of their own health care records; and

(ii) the requests were fulfilled by CIOX and CIOX charged an "electronic fee" or other fees not authorized by Virginia law;

(iii) during the 5-year period preceding the commencement of this action through the date of trial.

The Class specifically excludes the following persons or entities: (i) Defendant, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendant; or (ii) any currently-sitting Virginia state court Judge or Justice, or any federal court Judge currently or previously sitting in Virginia, and the current spouse and all other persons within the third degree of consanguinity to such judges or justices.

**COUNT I**
**VIOLATION OF VIRGINIA LAW**
**ON BEHALF OF PLAINTIFF AND CIOX CLASS MEMBERS**

31. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

32. Plaintiff's attorney requested copies of her healthcare records.

33. Plaintiff, through her attorney, paid for all charges demanded by Defendant CIOX for copies of her health care records.

34. CIOX's demand for payment included amounts not allowed by Va. Code § 8.01-413.

35. Plaintiff incurred damages.

36. The members of the CIOX Class had copies of their healthcare records requested through their attorneys or insurers.

37. CIOX responded to the healthcare records requests as an independent medical copy retrieval service contracted to provide the service of retrieving, reviewing, and preparing such copies for distribution.

38. CIOX's demand for payment included amounts not allowed by Va. Code § 8.01-413.

39. The members of the CIOX Class directly or through others paid for all charges demanded by Defendant CIOX.

40. The class members incurred damages.

41. Defendant CIOX is liable for damages to Plaintiff and the Class Members.

**COUNT II**
**UNJUST ENRICHMENT AND DISGORGEMENT**
**ON BEHALF OF CIOX CLASS**

42. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

43. Defendant CIOX has charged fees in excess of the amounts allowed by Va. Code § 8.01-413.

44. Defendant CIOX has used the illegal fees to operate its business.

45. Plaintiff and the Class Members have been charged an electronic fee or other fees not allowed by Va. Code § 8.01-413 when they requested their own records.

46. The electronic fee or any other fees not set forth in Va. Code § 8.01-413 are unlawful.

47. The Plaintiff and Class members are entitled to recover the unlawful fees charged by the Defendant Ciox.

48. Defendant knew the monies charged Plaintiff and the class members were unlawful charges.

49. Defendant CIOX appreciated and received the benefit of the monies it charged unlawfully.

50. Defendant CIOX has used the unlawful fees to operate its business.

51. Defendant's retention of the unlawful fees is inequitable and unjust, and it should be required to return the unlawful fees and disgorge all unlawful charges, profits and interest earned on same.

**COUNT III**
**CONVERSION**
**ON BEHALF OF CIOX CLASS**

52. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

53. Defendant knew the monies charged were unlawful.

54. Defendant has retained the money unlawfully and converted the Plaintiff's money.

55. Defendant has used the illegal fees to operate its business.

56. Defendant has acted with malice and an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and the CIOX Class Members and against the Defendant as follows|:

1) Certify the Proposed Class, appoint the Plaintiff as Class Representative and appoint her counsel as Class Counsel;

2) For compensatory damages in an amount to be determined at trial by a jury;

3) For punitive damages;

4) The costs and reasonable actual attorney's fees incurred by Plaintiff(s);

5) For the return of all monies, profit, interest and pre-judgment interest on all sums illegally collected; and

6) For such other and further relief as this Court finds necessary and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Respectfully submitted,
Shawn Justis
By Counsel

__/s/___________________
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Scott C. Borison*
Borison Firm LLC.
1400 S. Charles Street
Baltimore, MD 21230
(301) 620-1016
(301) 620-1018 Facsimile
scott@borisonfirm.com

Robert J. Welcenbach*
933 N. Mayfair Rd., Ste. 311
Milwaukee, WI 53226
(414) 774-7330
(414) 774-7670 Facsimile
rwelcenbach@gmail.com
*Counsel for Plaintiff and the proposed class*

*To seek admission *pro hac vice*