# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
+1 212 446 4970
lefkowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

May 25, 2022

Dale W. Pittman
The Law Office of Dale W. Pittman, PC
112-A West Tabb Street
The Eliza Spotswood House
Petersburg, VA 23803

By email to:   dale@pittmanlawoffice.com

Re:   Justis vs. Ciox Health, LLC

Dear Mr. Pittman:

I write on behalf of Ciox Health, LLC ("Ciox"), concerning your client Ms. Justis's purported Demand for Arbitration ("Demand"), which was shared with us by your office on May 3, 2022. As explained below, the Demand is defective on its face because it seeks to initiate a contract-based arbitration while incompatibly insisting that "[t]here is no agreement for arbitration between Ms. Justis and Ciox." Demand at 1. This being so, Ciox will not submit to the requested faux-arbitration. For the arbitration to commence, Ms. Justis must amend her Demand to strike her claim that she is not bound by the arbitration agreement. Alternatively, if she wishes to maintain her position that she has not agreed with Ciox to arbitrate this claim and is not bound by the arbitration agreement that her counsel entered into and agreed to on her behalf, Ms. Justis must withdraw the Demand. In either event, Ms. Justis self-evidently cannot proceed with an arbitration while disputing that she and Ciox have ever agreed to arbitrate.

As the Demand describes, at ¶ 10, Ms. Justis filed an action in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:22-cv-00023, and Ciox filed a Motion to Compel Arbitration. On March 9, 2022, the Court held an on-the-record status conference ("Status Conference") during which District Judge Novak explained:

> I looked at the papers here on this, and it seems to me on this arbitration issue, Mr. Pittman, I think the easiest way to do this is for you just to file a stipulation of dismissal without prejudice. ***You have to go do the arbitration***. So instead me of me sitting down [sic], writing an opinion and stuff, I think you pretty much agree with that.

KIRKLAND & ELLIS LLP

Mr. Dale W. Pittman
May 25, 2022
Page 2

Status Conference Tr. at 2:14–20 (emphasis added). On March 10, 2022, Ms. Justis filed a Notice of Voluntary Dismissal Without Prejudice notifying Ciox that "[p]ursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)," Ms. Justis "hereby voluntarily dismisses her action, without prejudice." ECF No. 23. The matter was accordingly dismissed by Judge Novak on March 16, 2022, ECF No. 24.

Ms. Justis claims in her Demand that by Ciox's failure to object to Judge Novak's suggestion that Ms. Justis dismiss her complaint, Ciox "abandoned its position that it was for the Court to decide whether there is an agreement to arbitrate between Ciox and Ms. Justis." Demand at ¶ 10. That is incorrect. *First*, Ciox did not object to Judge Novak's proposal that the case should be voluntarily dismissed because the Court indicated that it had already determined that Ms. Justis "ha[d] to go do the arbitration"—that is, that Ms. Justis was bound to the arbitration agreement. Status Conference Tr. at 2:18. There was accordingly nothing about the Court's suggestion that Ciox should have objected to. *Second*, there is also nothing that Ciox *could* have objected to, because the Court simply suggested—and Ms. Justis carried out—a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) that permitted Ms. Justis to "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." It was therefore entirely within Ms. Justis's discretion to voluntarily dismiss her case; she did not require Ciox or the Court's consent, and there is nothing Ciox could have done to stop her from doing so. Ciox never waived or abandoned its position that the issue of whether Ms. Justis is bound by the arbitration agreement is one that could only be determined by the court, not an arbitrator.

The soundness of Ciox's position is in stark contrast to Ms. Justis's Demand, which is nonsensical. Ms. Justis cannot invoke the contractual right of arbitration and disclaim being bound by that contract at the same time. As Ms. Justis knows, given that Ciox explained it in its Reply in support of its Motion to Compel Arbitration, "[u]nder both Georgia and federal law, arbitration is a matter of contract[,] and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Therefore, the question of arbitrability, *i.e.*, whether an agreement creates a duty for the parties to arbitrate the particular grievance, is undeniably an issue for judicial determination." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Landau-Taylor*, 357 Ga. App. 818, 821, 849 S.E.2d 504, 507 (2020). Because "[a]rbitration is strictly a matter of consent," it serves as "a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010). This is why courts must serve as the gatekeepers to arbitration: "Where a party contests" the basis of "the formation of the parties' arbitration agreement…the court must resolve the disagreement" *before* it can allow the case to proceed before an arbitrator. *Id.*; *see also Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002) ("[E]ven though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.").

## KIRKLAND & ELLIS LLP

Mr. Dale W. Pittman
May 25, 2022
Page 3

  The rule could not be otherwise. The arbitrator only has the authority to adjudicate the disputes and bind the parties before it because both parties have agreed to and consented to such authority. If the very existence of that agreement is disputed, the arbitrator lacks the underlying consent necessary to make any binding determination with respect to the parties, especially one as monumental as arrogating to itself the power to bind the parties in the first place. In short, the only way that Ms. Justis may bring an arbitration against Ciox is by conceding that both parties have contractually agreed to submit to such an arbitration. Otherwise, she has no such right. Accordingly, Ms. Justis cannot maintain her Demand while disclaiming having contracted with Ciox to arbitrate her claim. She must either strike those claims from her Demand or withdraw the Demand in its entirety.

  Please confirm by Friday, May 27, 2022 that Ms. Justis will amend or withdraw her Demand as described above. Absent such a confirmation, Ciox reserves the right to seek relief from the district court.

Sincerely,

Jay P. Lefkowitz, P.C.