THE LAW OFFICE OF
# DALE W. PITTMAN, P.C.
THE ELIZA SPOTSWOOD HOUSE
112-A WEST TABB STREET
PETERSBURG, VIRGINIA 23803-3212
TELEPHONE (804) 861-6000
FACSIMILE (804) 861-3368
pittmanlawoffice.com

DALE W. PITTMAN
dale@pittmanlawoffice.com

June 3, 2022

**By Email Only to consumerfiling@adr.org**

American Arbitration Association
Consumer Filing Team
1101 Laurel Oak Road
Voorhees, NJ 08043

              **Re: Justis v. Ciox Health, LLC, Case No. 01-22-0001-8331**

Dear Consumer Filing Team:

      Ms. Justis responded to Ciox Health LLC's position that an arbitrator cannot be delegated gateway or threshold arbitrability issues in the attached letter. Ciox position is inconsistent with case law addressing the issue. If Ciox refuses to participate in arbitration based on issues it contends are somehow a prerequisite to presenting matters to an arbitrator, then Ms. Justis requests that AAA provide a letter that advises it will not conduct an arbitration for Ciox when Ciox will not follow the Consumer Rules.

                                                  Yours very truly,

                                                  Dale W. Pittman

Enclosure

Copies to:    Shawn Justis
                  Scott C. Borison, Esquire
                  Robert J. Welcenbach, Esquire
                  Gilad Bendheim, Esquire
                  Jay P. Lefkowitz, Esquire

THE LAW OFFICE OF
# DALE W. PITTMAN, P.C.
THE ELIZA SPOTSWOOD HOUSE
112-A WEST TABB STREET
PETERSBURG, VIRGINIA 23803-3212
TELEPHONE (804) 861-6000
FACSIMILE (804) 861-3368
pittmanlawoffice.com

DALE W. PITTMAN
dale@pittmanlawoffice.com

June 3, 2022

**By Email and U.S. Mail**

Jay P. Lefkowitz, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

**Re: Justis v. Ciox Health, LLC**

Dear Mr. Lefkowitz:

In response to the motion to compel arbitration, Ms. Justis made it clear that if the matter was sent to arbitration, she would raise all arbitrability issues before the arbitrator. In your letter, you contend that the issue is clearly one for the court to decide. Respectfully, the issue is not as straight forward as you suggest and your position is contradicted by various court decisions. First, the issue of arbitrability includes "gateway" or "threshold" issues. The courts have held that even these "gateway" or "threshold" issues can be delegated to an arbitrator under existing precedent. The Supreme Court in *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 530 (U.S.,2019) reiterated "[t]his Court has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by "clear and unmistakable" evidence." It should also be noted that in *Henry Schein*, the Court did not decide who would make that decision between the parties before but instead remanded the action for the lower courts to decide the issue: "[w]e express no view about whether the contract at issue in this case in fact delegated the arbitrability question to an arbitrator." 139 S.Ct. at 531

The arbitration provision you rely on includes a specific reference to the AAA Rules. As the court in *Grabowski v. PlatePass, L.L.C.* noted,

> the "consensus view" among federal courts and holds that the parties' agreement to arbitrate pursuant to AAA Rules also constitutes clear and unmistakable intent to delegate arbitrability. *Wilcosky*, 2021 WL 410705, at *11 (observing that "the consensus view of federal case law is that the incorporation by reference of the AAA Rules is clear and unmistakable evidence of an intention to arbitrate arbitrability") (quoting *Ali v. Vehi-Ship, LLC*, No. 17 CV 02688, 2017 WL 5890876, at *3 (N.D. Ill. Nov. 27, 2017)).

2021 WL 1962379, at *4 (N.D.Ill., 2021)

Jay P. Lefkowitz, Esquire
June 3, 2022
Page 2

      In the realm of whether an arbitration agreement can be applied by or to a non-signatory, Courts have also looked to the delegation of arbitrability in determining whether the issue should be decided by the Court or an arbitrator. See *Swiger v. Rosette*, 989 F.3d 501, 505 (C.A.6 (Mich.), 2021)("The FAA, however, allows parties to agree that an arbitrator, rather than a court, will determine " 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."); *Eckert/Wordell Architects, Inc. v. FJM Properties of Willmar, LLC*, 756 F.3d 1098, 1100 (C.A.8 (Minn.),2014) rejecting the argument that "a court should decide the issue of whether nonsignatory FJM Properties can enforce the arbitration provision against signatory Eckert Wordell.")

      You are of course free to file any action you want, but we will oppose it and seek appropriate relief against a party who seeks to selectively enforce provisions of an arbitration agreement it contends controls between the parties including that it constitutes a waiver of any arbitration agreement you claim is enforceable against a non-party, Ms. Justis.

                                                                     Yours very truly,

                                                                       Dale W. Pittman

Copies to:      Shawn Justis
                  Scott C. Borison, Esquire
                  Robert J. Welcenbach, Esquire